## Hoskins v. Paddock, et al.

(Decided May 14, 1913).

## Appeal from Knox Circuit Court.

1. Trover and Conversion—Action for Value of Timber—Evidence.— In an action to recover the value of timber alleged to have been wrongfully converted, evidence examined and held sufficient to support the verdict, the conversion being clearly shown.

2. Verdict—Allowance of Interest On.—As to the complaint of the allowance of interest on the verdict in an action of trover and conversion the question of the allowance of interest is for the jury to determine, and it cannot be complained that this was not left to the jury by an instruction. Moreover, no complaint of this was made in the motion and grounds for a new trial.

N. J. WELLER and DISHMAN, TINSLEY & DISHMAN for appellant.

JAMES M. GILBERT for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action by appellees for the value of certain lumber alleged by them to have been wrongfully converted by appellant to his own use.

The answer after denying the conversion, in a separate paragraph, by way of counterclaim, set up a claim for damages for alleged breach of contract by appellees for their failure to comply with the terms of a contract whereby they bought a large quantity of lumber from him.

The jury found a verdict for appellees upon which judgment was rendered, and from that judgment this appeal is prosecuted.

The facts developed were about these: that in May, 1910, appellees by written contract purchased from appellant about 600,000 feet of various kinds of lumber at specified prices; that of this lumber about 100,000 feet was on the yard at Flat Lick, a station on the Louisville & Nashville Railroad in Knox County, and the remainder was at appellant's mill yard about fifteen miles distant.

Shortly after entering into the contract, the parties through their inspectors proceeded to inspect and classify that part of the lumber which was at Flat Lick, and eight carloads containing more than 72,000 feet were shipped. They had, however, inspected something over

84,000 feet, and the balance not shipped was left on the yard, the whole having been paid for by appellees.

Shortly after this some difference between the parties arose as to the carrying out of the contract, the exact nature of which is not made clear in the record, and appellant in August, 1910, elected to cancel the contract between him and appellees as to the balance of the lumber, and at that time sold the same to Asher & Sons. The evidence as to whether he received from Asher & Sons more or less than he would have received from appellees under their contract, if it had been carried out, is conflicting, one party claiming that he received less and the other that he received more; but as well as we can tell from the complicated statements as to the different kinds of lumber and the prices specified in the two contracts, there could have been no material difference in the amount received from Asher and what he would have received from appellees.

In shipping the lumber to Asher, appellant also shipped that part of the lumber paid for by appellees and which they permitted to remain on the yard after the shipment of the eight cars, and it is the value of that lumber that appellees seek to recover. The conversion of this lumber is clearly shown, it having been shipped to Asher over the protest of the agent of appellees, who notified appellant that that particular lumber was what appellees had bought from him and paid him for; and notwithstanding this notice, he proceeded to and did ship the same to Asher.

The judgment allowed the appellees interest on the amount of the verdict, and it is complained for appellant that this was error because the instructions failed to leave to the discretion of the jury whether interest might be allowed. It is true that the general rule is that in actions of trover the measure of damages is the value of the property at the time of the conversion, and whether interest thereon may be allowed is for the jury to determine; but it is sufficient to say that in the motion and grounds for a new trial no complaint was made of this error.

The instructions fairly submitted all the issues to the jury, and there is really no objection to them other than that named.

The verdict is not flagrantly against the evidence, in fact, it is fully sustained by it.

Judgment affirmed.